UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN DRIGGERS,

    Plaintiff,

v.   Case No: 8:22-cv-0890-KKM-SPF

FOREST RIVER, INC., and
FORD MOTOR COMPANY,

    Defendants.
_____

## **ORDER**

Justin Driggers purchased an RV with a warranty from Forest River, Inc., and from Ford Motor Company. The RV had several defects, and after attempting without success to obtain repair from Forest River and Ford, Driggers sued both for breach of warranty. Forest River moves to dismiss Driggers' complaint.

## I. BACKGROUND

On July 9, 2020, Driggers bought an RV from General RV Center. (Doc. 1-1 ¶¶ 5, 7–16.) Forest River and Ford—two of the RV's manufacturers—each granted Driggers an express warranty. (Doc. 1-1 ¶ 9.)

The Forest River warranty provides that for a year following the RV's purchase Forest River would "repair or replace substantial defects in workmanship and materials caused by Forest River." (Doc. 1-1 ¶ 17.) During that year, Driggers' RV suffered from several defects that he attributes to poor manufacturing. (Doc. 1-1 ¶ 18.)

Driggers brought the vehicle to Forest River several times for repair. (Doc. 1-1 ¶ 22.) After the "fourth unsuccessful repair attempt," Driggers sent Forest River two letters demanding further repair, but Forest River refused. (Doc. 1-1 ¶¶ 23–25.)

On November 15, 2021, Driggers sued Forest River and Ford in state court and alleged two breach of express warranty claims under the Magnuson-Moss Warranty Act. (Doc. 1-2 at 1.) Ford removed this action and answered. (Doc. 1; Doc. 5.) Forest River moves to dismiss Driggers' claim under Rule 12(b)(6). (Doc. 20 at 1–2.)

## II. LEGAL STANDARD

To defeat Forest River's Rule 12(b)(6) motion, Driggers must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is "plausible on its face" if a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.

The factual allegations—but not the legal conclusions—in the complaint are assumed true and are construed favorably to the plaintiff in determining whether the complaint states a claim. *Iqbal*, 556 U.S. at 678; *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." 556 U.S. at 679. "[T]he well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed" govern whether a claim is "plausible on its face." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III.     ANALYSIS

Forest River argues that Driggers' claim is time-barred, that his complaint is impermissibly vague, and that he cannot recover the requested damages. (Doc. 20.) All of Forest River's arguments fail.

#### A. Driggers' Claim Is Not Time-Barred

The warranty includes a limitation clause that truncates the time to sue to "ninety days after expiration of the warranty period." (Doc. 1-1 at 23.) Driggers sued roughly five months after the ninety-day limitation passed. *See* (Doc. 1-1 at 20, 22.) Even so, Driggers' suit is not time-barred because Florida law invalidates the limitation clause.  Additionally, the plaintiff sued within the applicable statutory limitation.

Forest River, an Indiana corporation, contends that Indiana law governs the validity of the limitation clause. (Doc. 1 at 2; Doc. 18 at 5.)  Indiana law enforces "contractual limitations that shorten the time to commence suit as long as a reasonable time is afforded." *Bradshaw v. Chandler*, 916 N.E.2d 163 (Ind. 2009).  Conversely, in Florida, a contract cannot mandate a limitation less than the applicable statutory limitation. FLA. STAT. § 95.03.

To support the choice of Indiana law, Forest River cites the warranty's choice-of-law clause, (Doc. 20 at 5.), which requires interpretation of the warranty under Indiana law but remains silent about which state's law governs validity.  The clause merely says, "The terms, conditions, rights, and responsibilities of this warranty shall be governed by the laws of the State of Indiana notwithstanding the laws of any other state." (Doc. 1-1 at 23.)  Furthermore, in the section entitled "Limitation and

3

Disclaimer of Warranties," the warranty says, "Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you." (Doc. 1-1 at 22.) The latter clause confirms that the choice-of-law clause governs interpretation of the warranty, but not the validity of the warranty.

Because the warranty chooses no law governing the validity of the limitation clause, FLA. STAT. § 671.105 requires that the law of the state with an "appropriate relationship" to the transaction governs. Florida has an "appropriate relationship" because Driggers resides in Florida, he purchased the RV in Florida, and the RV remains in Florida. (Doc. 1-1 at 1–3.); *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 879 (5th Cir. 1978); *Premix Marbletite Manufacturing Corp. v. SKW Chemicals, Inc.*, 145 F.Supp.2d 1348, 1353–54 (S.D. Fla. 2001) (Highsmith, J.).

Under Florida law, FLA. STAT. § 95.03, "[a]ny provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." The limitation clause is invalid because the clause fixes the time to commence an action at one year and ninety days but the applicable statutory limitation is five years. FLA. STAT. § 95.11(2)(b); (Doc. 1-1 at 22.)

Because the limitation clause of the warranty is invalid, Driggers must sue before the expiration of the five-year statutory limitation. FLA. STAT. § 95.11(2)(b). The five years began in September 2021 when Forest River refused to repair the RV. *See* FLA. STAT. § 95.031(1); (Doc. 1-1 ¶¶ 23–25.) Driggers filed this action in state court roughly six months later. Thus, this action is not time-barred.

4

### B. Driggers' Complaint is Sufficiently Clear

Driggers' complaint alleges that Forest River failed to adequately repair the "air conditioning, slide out, and several other defects." (Doc. 1-1 ¶ 28.) Forest River argues that the complaint is improperly vague because the phrase "several other defects" fails to notify Forest River of the substance of Driggers' claim. (Doc. 20 at 11–12.) Forest River's argument is unfounded.

Earlier in the complaint, Driggers lists eleven defects in the RV that arose appeared the warranty period. (Doc. 1-1 ¶ 18.) He asked Forest River to correct these defects, but Forest River failed. (Doc. 1-1 ¶¶ 21, 23, 28.) Driggers alleges that he sent Forest River a list of remaining defects on September 27, 2022, (Doc. 1-1 ¶ 23), but Forest River refused repair. (Doc. 1-1 ¶¶ 24–31.) The remaining defects in the RV are listed fully in the demand letter, which the complaint cites as an exhibit. *See* (Doc. 1-1 ¶ 23; Doc. 1-1 at 32–38.) Thus, the phrase "several other defects" means the defects documented elsewhere in the complaint. (Doc. 1-1 ¶ 23, Doc. 1-1 at 32–38.)

### C. Forest River Improperly Seeks Dismissal of Driggers' Requests for Damages through a Rule 12(b)(6) Motion

Lastly, Forest River requests dismissal of Driggers' demand for damages for diminution in value and for incidental and consequential damages. (Doc. 20 at 12–14.) According to Forest River, the warranty limits Driggers' damages to the cost of repairing the RV. (Doc. 20 at 12–14.)

But Forest River's final argument is improper at this stage. A demand for a certain kind of relief is not a "claim" under Rule 12(b)(6) and "courts will not dismiss

5

for failure to state a claim merely because the complaint requests inappropriate relief." *Moore's Federal Practice*, Vol. 2, § 12.34[1][b] (3d ed. 2014). *Charles v. Front Royal Volunteer Fire & Rescue Dep't* explains, "Because a demand for relief is not part of a plaintiff's statement of the claim, the nature of relief is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." 21 F.Supp.3d 620, 631 (W.D.Va. 2014) (Urbanski, J.).[1]

CONCLUSION

Because Forest River fails to show that dismissal of Driggers' complaint is warranted, the motion to dismiss is **DENIED**. (Doc. 20.)

**ORDERED** in Tampa, Florida, on August 24, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] *Accord W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 673 (E.D. Va. 2011) (Dillon, J.) ("While… the Agreement between the parties may ultimately limit the amount of damages that Plaintiffs may recover if successful, such a limitation does not mean that the Plaintiffs have 'fail[ed] to state a claim upon which relief can be granted' as contemplated by Rule 12(b)(6)."); *MI Windows & Doors, LLC v. Liberty Mut. Fire Ins. Co.*, 123 F. Supp. 3d 1332, 1341–42 (M.D. Fla. 2015) (Merryday, J.).